UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

SEHAJPREET SINGH (A-201-684-248),

Petitioner,

v.

ORESTES CRUZ, Field Office Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement,

Respondents.

No. 1:26-cv-0141 WBS CSK

ORDER

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner also filed a motion for temporary restraining order the same day he filed his petition for habeas corpus. (Docket No. 2.) On January 9, 2026, the court ruled that petitioner was unlikely to prevail on the merits of that motion because he had failed to demonstrate irreparable harm. (See Docket No. 4.)

The matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On May 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. Respondents filed objections to the findings and recommendations. Petitioner did not file a

reply.

It has now been approximately seven months since this matter was referred to the magistrate judge, and petitioner's custodial status appears to remain unchanged. While this court has repeatedly explained that a noncitizen who unlawfully enters the United States can expect to be lawfully detained upon doing so, it has consistently held that such detention cannot be indefinite, so as to avoid running afoul of the Due Process Clause. See Uulu v. Warden, 820 F. Supp. 3d 1113, 1122 (E.D. Cal. 2026) (Shubb, J.) (collecting cases); see also, e.g., Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.").

Determining whether prolonged immigration detention violates the Due Process Clause requires consideration of whether the petitioner's immigration proceedings have been infected with bad faith or undue delay by the agency. Uulu, 820 F. Supp. 3d at 1122. Because the record does not demonstrate that petitioner's immigration proceedings have advanced whatsoever during the eleven months he has been detained, the court finds that such unexplained delay is constitutionally unacceptable. See id.; see also Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (actions that "offend traditional notions of fair play and substantial justice" violate the Due Process Clause (quotations omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 15) are adopted insofar as consistent with this Order.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents' motion to dismiss (ECF No. 8) is DENIED.

4. Respondents are ordered to release petitioner Sehajpreet Singh (A-201-684-248) from custody forthwith.[1]

5. The Clerk of Court is directed to enter judgment in favor of petitioner and close this

[1] Because this is a habeas corpus proceeding, the court is not empowered to grant relief aside from petitioner's release. See Nguyen v. Warden, No. 1:25-cv-01872 WBS EFB, 2026 WL 1027892, at *2 (E.D. Cal. Apr. 16, 2026) (collecting cases).

case.

6. The Clerk is directed to serve Mesa Verde Ice Processing Center with a copy of this Order. [2]

Dated: July 14, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/sing0141.jo.2241.imm.RELEASE

[2] A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).